## ROYCE, BY NEXT FRIEND, v. VANDEUSEN.

*Abatement.　General Issue.　Husband and Wife.　Right of Wife to Sue in her own Name.*

Mere matter of abatement is not available on trial under a plea to the merits. Thus, where plaintiff, a married woman, brought trover in her own name by next friend, and defendant pleaded the general issue, it was *held* that neither her capacity to sue in her *sole* name, nor the technical propriety of suing by next friend, could be made the subject of question on trial under that plea.

A count in trover beginning with the expression, "who, being a married woman, and her husband separate from her," in description of the plaintiff, but in other respects in common form, *held* good on motion in arrest, as not showing that plaintiff had not such title as might give her a right of recovery for a wrongful conversion in an action in proper form as to parties plaintiff.

TROVER for a horse, harness, and robes.    Trial by the court, at the March Term, 1875, REDFIELD, J., presiding.

The declaration was an ordinary count in trover, with a beginning as follows: " Almira Royce, &c., &c , who, being a married woman and her husband separate from her, brings this suit by Elias L. Marble, her next friend, in a plea of the case," &c.

It appeared, among other things immaterial to be stated, that at the time the suit was brought, the plaintiff was a married woman.

The defendant objected to the bringing of the suit in the name of the plaintiff by next friend, for that she was a married woman; but the court, *pro forma*, overruled the objection; to which the defendant excepted.    The defendant also moved in arrest of judgment for the insufficiency of the declaration.    But the motion was overruled; to which the defendant excepted.

*L. L. Durant*, for the defendant, cited *Ward* v. *Morrill et als.* 1 D. Chip. 322, 330; *Porter et al.* v. *Bank of Rutland et al.* 19 Vt. 410, 417; *White and Wife* v. *Waite*, 47 Vt. 502.

*C. H. Heath*, for the plaintiff, cited Gen. Sts. c. 71, ss. 4, 12, 20; *Caudell* v. *Shaw*, 4 T. R. 361; *Milner et al.* v. *Milner et al.* 3 T. R. 627; *Judson* v. *Cummings*, 43 N. H. 134; 1 Chit. Pl. 477; Gould's Pl. 247, 248.

The opinion of the court was delivered by

BARRETT, J.    I.  Though the briefs of counsel present a variety of points and views, the defendant in the argument discusses but two, viz., that suit cannot be maintained in the name of the plaintiff by next friend, she being *feme covert* when the suit was brought; and under the motion in arrest, that upon the declaration, judgment cannot lawfully be rendered for the plaintiff.

It is to be assumed, though the face of the record does not affirmatively show it, that the trial proceeded as upon the general issue.    That being so, any mere matter of abatement could not be available on the trial.    Either by plea or by demurrer in abatement, such matter must be presented, in order to make it the subject of adjudication, and to have effect as the ground of judgment in the case.

The mere capacity to sue in her *sole* name, or the technical propriety of suing by next friend, cannot be made the subject of question under the general issue. Only the question of title in the plaintiff, and of wrongful conversion as against that title by the defendant, is raised by that issue. The capacity to sue, and the propriety of the form of suing, are granted by pleading to the merits without preliminary question by the pleadings. On this subject there was no error committed by the County Court.

II. As to the motion in arrest. That can be available only to test the sufficiency of the cause of action set forth in the declaration. The declaration sets forth lawful ownership and possession by the plaintiff, and wrongful conversion by the defendant. Nothing outside the declaration is the subject of cognizance under that motion. If, therefore, there is defect of right of recovery in the declaration, it must be by reason of the expression, " who, being a married woman, and her husband separate from her." Unless this expression shows that the plaintiff had not title, such as might give her a right of recovery for a wrongful conversion, in an action in proper form as to parties plaintiff, then the motion must be fruitless. The statute of 1867, No. 21, as expounded in 47 Vt. 502, and the case of *Child* v. *Pearl*, 43 Vt. 224 and *Clark et al.* v. *Peck et al.* 41 Vt. 145, as well as many others, show that a married woman may have such a right, and that she may enforce it by proper action. In this case, if she had sued in her own name, joining her husband as co-plaintiff, setting forth the title and conversion as is done in this declaration, no question could be raised as to the sufficiency of the declaration in respect to title and conversion. Suing in her own name, with what she says about " being a married woman and her husband separate from her," has no tendency to show that she was not the title-holder, and entitled to the personal possession of the property. So what is thus contained does not operate to show that she had not a valid and enforcable cause of action in her own right for the alleged conversion, if such action is brought in proper form. On this subject of such personal right in a married woman, a case decided in Windham County a few years ago (not reported), *Eliza Chase*

*and Husband* v. ———, for libel and slander of the *feme* plaintiff, whose husband had left her, and was in league with the defendants to defeat the suit, is very instructive. The husband, Chase, executed a discharge of the suit and cause of action to the defendant for a valuable consideration, which was pleaded in bar. Replication of the hostility of plaintiff's husband to her, and that the discharge was given for the purpose of defeating the wife in enforcing her right by suit. The court adjudged the replication sufficient, and the *feme* plaintiff recovered a large sum in damages, which she has since proceeded to collect in her own right. It is needless to pursue the matter further. The motion in arrest was properly overruled.

Judgment affirmed.