### NANCY GUSTIN v. ALVIN CARPENTER.

*Action by Married Woman in Her Sole Name. Motion to Dismiss.*

A married woman whose husband is insane, and confined in an asylum for insane persons in a State other than that of the woman's residence, may sue in her sole name for a wrong personal to herself.

*Semble* that objection for non-joinder of the husband—the fact of coverture being apparent of record—cannot properly be raised by motion to dismiss.

CASE for slander. The defendant was attached " to answer," in the words of the writ, " to Nancy Gustin, of " &c., " a married woman, and whose husband, whose name is Walter Gustin, is an insane person, and is now confined in an asylum in Concord, in the State of New Hampshire, and who lives apart from her said husband, and who sues by Truman Quimby, her father and next friend," &c. The language of the first count was, " for that whereas the plaintiff is, and for a number of years has been, a married woman ;" and all of the counts, after setting out the sup-

74

posed slanderous words, proceeded, " she being then and there [referring to the time of the speaking of the words] and still a married woman." The defendant seasonably moved to dismiss the action for non-joinder of the husband. The plaintiff demurred to the motion, and at the December Term, 1877, the court, POWERS, J., presiding, sustained the demurrer, overruled the motion, and held, *pro forma*, that the action was well brought in the name of the plaintiff alone ; to which the defendant excepted.

*J. W. Rowell*, for the defendant.

The rule of the common law is, that a *feme covert* cannot sue without joining her husband. If the plaintiff can so sue, it is because there is some statutory provision enabling her to do so ; or because the case falls within some one of the common-law exceptions to the rule ; or because the court think proper to add another exception to those already established.

But there is no statutory provision enabling her to sue without joining her husband. The only statutes bearing on the question are the Gen. Sts. c. 71, ss. 1, 13 ; Sts. of 1869, No. 13 ; Sts. of 1870, No. 25.

Nor does the case fall within any of the established exceptions. *Belknap* v. *Lady Weyland*, cited Co. Lit. 132 b, 133 a ; *Eliza Wilmot's Case*, Moore, 851 ; *Dubois* v. *Hale*, 2 Vern. 614 ; *Gregory* v. *Paul*, 15 Mass. 31 ; *Abbott* v. *Bayley*, 6 Pick. 89 ; *Gregory* v. *Pierce*, 4 Met. 478, *per* SHAW, C. J. ; *Robinson* v. *Reynolds*, 1 Aik. 174 ; *Ex parte Franks*, 7 Bing. 762 ; *Spooner* v. *Brewster*, 2 C. & P. 34 ; *Boggett* v. *Frier*, 11 East, 301 ; *Lord St. John* v. *Lady St. John*, 11 Vesey, 537, *per* Lord ELDON ; *Davis* v. *Estate of Burnham*, 27 Vt. 568, *per* REDFIELD, C. J. ; *Walford* v. *Duchess de Pienne*, 2 Esp. 554 ; *Kay* v. *Same*, 3 Camp. 123 ; *Bean* v. *Morgan*, 1 Hill, S. C., 8 ; *Dean* v. *Richmond*, 5 Pick. 461 ; *Pierce* v. *Burnham*, 4 Met. 303 ; *Burke* v. *Winkle*, 2 S. & R. 184 ; *Newbiggin* v. *Pillans*, 2 Bay. 162 ; *McDaniel* v. *Cornwall*, 1 Hill, S. C., 428 ; *Compton* v. *Collinson*, 1 H. Bl. 334, 350 ; *Ellah* v. *Leigh*, 5 T. R. 579 ; *Clayton* v. *Adams*, 6 T. R. 604 ; *Marshall* v. *Rulton*, 8 T. R. 545.

Nor can another exception be made. The exception contended

for would be a virtual abrogation of the rule. See *Shaw* v. *Thompson*, 16 Pick. 198, *per* SHAW, C. J.

*S. B. Hebard*, for the plaintiff.

If the question had been as to property, there could be no question as to the plaintiff's right to recover in her own name. *Royce* v. *Vandeusen*, 49 Vt. 26. Why does not the same rule operate in the enforcement of a personal right?

If the plaintiff cannot thus sue, she is without remedy.

The opinion of the court was delivered by

BARRETT, J. The suit is brought for a personal tort to the wife—for a cause of action that would survive to her. The husband could not sue and recover for it without joining the wife as co-plaintiff; nor would he be permitted to discharge it in fraud of the wife. When abandoned by the husband, the wife has been sustained by the court in bringing a suit for such a cause as this, joining the husband as co-plaintiff, and in prosecuting it to judgment and execution, in spite of the husband's refusal, and of his efforts to thwart her by ordering *non suit*, and executing discharges of the suit and cause of action. In the present case the objection is, that the wife sued by next friend in her own name, instead of suing in the name of her husband and herself as plaintiffs. Whether this is allowable or not is to be determined in view of the facts touching the condition and whereabouts of her husband, and the relation between them caused thereby.

In the first place, he is insane—intellectually dead for the present. In the next place, he is out of the State in an insane asylum, without will or ability to return and act as husband, to any of the intents of the marital relation. We think that, to every practical intent, and upon every reason bearing on the subject, this must be regarded as endowing the wife with quite as much right to act in her own name in such a case as the present, as she would have if her husband was *civiliter mortuus*, or had abjured the realm and abandoned her.

It is to be remarked that the objection is purely technical, and grounded on an artificial rule of pleading. It does not touch nor

rest upon any matter that affects the substantial right and liability on which the suit is brought. If the defendant slandered the plaintiff, he is liable to respond for it in the right of the wife, — and in exactly the same measure, whether the suit be brought in the name of husband and wife, or in the name of the wife, as in the present case. So the defendant is put to no prejudice on this score, by being held in this suit as now brought, beyond what he would be if the husband had been joined as co-plaintiff. He is called upon to answer for the tort charged, and only that, — and it is no matter of his what may come of the result, as between the husband and wife.

We think the principle of the case of *Royce* v. *Vandeusen,* 49 Vt. 26, and of the case therein cited, in Windham County, of *Chase and Wife* v. *Galpin and Wife,* as well as of various cases referred to in the argument, and of others not cited, gives full warrant for holding that this action is not subject to the objection which constitutes the ground of the motion. The motion takes effect upon the facts shown by the writ and declaration, — and unless they show, on their face, that the action cannot be maintained, the motion is powerless. The motion does not deny any facts, nor aver any facts. It puts in issue no facts. It merely asks the action of the court upon the facts shown by the writ and declaration ; and it is virtually a *demurrer in abatement* for non-joinder of a party as co-plaintiff.

While, in view of the grounds and views on which the cause was argued by counsel for the plaintiff, we have disposed of the case without question as to the propriety of the motion, as a mode of presenting the objection of non-joinder and invoking the action of the court upon it, we think it proper to say, that such a motion, on such ground, and for such a purpose, is unknown to the books and rules of pleading ; and if the point had been presented in the argument, objecting to it as improper in mode, we should have dismissed the motion without going into the merits of the subject.

*Judgment affirmed, and cause remanded.*